**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CORNELL RESEARCH FOUNDATION, INC., *Plaintiff,* v. T-MOBILE US, INC. and T-MOBILE USA, INC., *Defendants.* | Civil Action No. _______ **JURY TRIAL DEMANDED** |

**PLAINTIFF CORNELL RESEARCH FOUNDATION, INC.'S**
**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cornell Research Foundation, Inc. ("Plaintiff" or "Cornell") files this Complaint for patent infringement against Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively "Defendants" or "T-Mobile"), and hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

2. Defendants have infringed and continue to infringe at least one claim of Cornell's U.S. Patent Nos. 7,839,775 ("the '775 Patent") and 7,965,733 ("the '733 Patent") (collectively, "the Asserted Patents"), attached hereto as Exhibits 1 and 2.

3. This action involves Cornell's patented wireless communications technology as used in Wi-Fi routers, access points, smartphones, tablets and related products and services that T-Mobile provides.

4. Exemplary products and services accused in this case (collectively, the "Accused Instrumentalities") are identified in the attached exhibits. At a high level, they include: (a) Wi-Fi 5 and later gateways, routers, extenders, hotspots and access points that T-Mobile supplies, and other Wi-Fi 5 and later gateways, routers, and access points used with T-Mobile internet service (including T-Mobile Home Internet, Metro by T-Mobile Home Internet, T-Mobile Fiber and T-Mobile business internet service); (b) Wi-Fi 6 and later smartphones and tablets that T-Mobile provides, and other Wi-Fi 6 and later smartphones and tablets used with T-Mobile or Metro by T-Mobile wireless services; and (c) the T-Mobile services that incorporate, use, provide, configure or manage any of them.

5. Cornell seeks damages adequate to compensate it for T-Mobile's infringement, in no event less than a reasonable royalty.

6. Cornell also seeks enhanced damages for T-Mobile's willful infringement, pre- and post-judgment interest, costs, and reserves the right to seek its attorneys' fees under 35 U.S.C. § 285 as an exceptional case.

## THE PARTIES

7. Plaintiff Cornell Research Foundation, Inc., is a New York not-for-profit corporation, having its principal place of business at 395 Pine Tree Road, Suite 310, Ithaca, New York 14850. Cornell Research Foundation is a wholly owned subsidiary of Cornell University, whose mission is to manage intellectual property invented by Cornell employees under Cornell University's Policy 1.5: Inventions and Related Property Rights, including obtaining patent, trademark, or copyright protection where appropriate and licensing intellectual property for commercial development and use.

8. On information and belief, Defendant T-Mobile US, Inc. is a Delaware corporation, having its principal place of business located at 12920 SE 38th Street, Bellevue, Washington 98006. T-Mobile US, Inc. may be served through its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

9. On information and belief, Defendant T-Mobile USA, Inc. is a Delaware corporation registered to do business in Texas, with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006, and is a subsidiary of T-Mobile US, Inc. The terms and conditions that govern T-Mobile wireless service, Metro by T-Mobile service and T-Mobile Fiber residential service identify T-Mobile USA, Inc. and its controlled subsidiaries as the provider of those services. On information and belief, T-Mobile USA, Inc. is the T-Mobile entity through which Defendants provide T-Mobile wireless and internet service to customers in this District, operate the T-Mobile wireless network that serves them, sell T-Mobile products and services in this District, including through the t-mobile.com website, and operate and staff the T-Mobile retail stores in this District. T-Mobile USA, Inc. may be served through its registered agent in Texas, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

10. Defendants operate and/or act as a single enterprise and hold themselves out to the public as one company doing business under the T-Mobile brand. In its annual report for 2025, T-Mobile US, Inc. states that it provides "wireless communications and broadband services to 142.4 million postpaid and prepaid customers" and "services, devices and accessories across our flagship brands, T-Mobile, Metro by T-Mobile and Mint Mobile, through our T-Mobile and Metro by T-Mobile owned and operated retail stores," and that it "employed approximately 75,000 full-time and part-time employees." "T-Mobile" is a brand under which T-Mobile US, Inc. and its subsidiaries do business. T-Mobile advertises its T-Mobile stores, service packages and job

openings, including those in this District, through nationwide T-Mobile websites. On information and belief, T-Mobile US, Inc. manages and controls its subsidiaries, including T-Mobile USA, Inc., which provides T-Mobile service, operates the T-Mobile stores in this District, and employs the personnel who work in them; and those entities share common officers.

**JURISDICTION AND VENUE**

11. Cornell incorporates by reference and realleges the foregoing paragraphs as if fully set forth herein.

12. This action arises under the patent laws of the United States, Title 35, Section 1 *et seq*. of the United States Code. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has specific personal jurisdiction over each Defendant consistent with the Texas Long Arm Statute and the Due Process Clause of the Fourteenth Amendment. Each Defendant, directly and through its subsidiaries, affiliates and agents, has purposefully directed its business at Texas and this District by marketing and providing T-Mobile wireless and internet services to subscribers in this District; delivering, installing, activating, servicing, leasing and selling the Accused Instrumentalities in this District; operating offices, retail stores, and network facilities in this District; and employing people in this District. Each Defendant, directly and through its subsidiaries, affiliates and agents, has committed and continues to commit acts of infringement in this District, including by using, offering to sell, selling, leasing and importing the Accused Instrumentalities and by inducing and contributing to infringement by its customers in this District, and derives substantial revenue from products and services provided to residents of this District and Texas. Cornell's claims arise out of and relate to those activities. Exercising jurisdiction over each Defendant is reasonable and does not offend traditional notions of fair play

and substantial justice.

14. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and/or importing products that infringe the Asserted Patents as set forth herein. Defendants have one or more regular and established places of business in this District.

15. On information and belief, T-Mobile leases or owns, and conducts its business on a continuing basis from, physical locations in this District, including locations that display the T-Mobile name and logo. Those locations include 3560 Dallas Parkway, Frisco, Texas 75034, 7668 Warren Parkway, Frisco, Texas 75034, 1806 East End Boulevard North, Suite 100, Marshall, Texas 75670, and 222 East End Boulevard South, Suite C, Marshall, Texas 75670. T-Mobile USA, Inc. has a corporate office at 3560 Dallas Parkway, Frisco, Texas 75034.

16. On information and belief, T-Mobile operates T-Mobile and Metro by T-Mobile retail stores in this District. At those stores, customers subscribe to and activate T-Mobile wireless and Home Internet service, pick up online orders, and buy the smartphones and tablets accused in this case.

17. On information and belief, T-Mobile maintains wireless network facilities in this District, including cell sites, through which it delivers wireless and 5G Home Internet service to customers whose home and business Wi-Fi networks run on the Accused Instrumentalities.

18. On information and belief, T-Mobile employs people in this District who sell and support the Accused Instrumentalities.

19. On information and belief, because Defendants act as a single enterprise, the places of business and acts of each Defendant in this District are attributable to every Defendant for venue

purposes.

20. Joinder of the Defendants is proper under 35 U.S.C. § 299. Cornell's claims against them arise out of the same series of transactions and occurrences, namely the making, use, offer for sale, sale and importation of the same Accused Instrumentalities, and those claims present common questions of fact.

## THE ASSERTED PATENTS

### United States Patent No. 7,839,775

21. On November 23, 2010, the U.S. Patent and Trademark Office duly and legally issued the '775 Patent, entitled "Methods and Systems for Channel Sensing Multiple Access Communications with Multipacket Reception." The '775 Patent issued from U.S. Application No. 11/376,067, filed March 14, 2006, which claims priority to U.S. Provisional Application No. 60/594,143, filed March 15, 2005. The '775 Patent was subsequently reexamined by the U.S. Patent and Trademark Office, following reexamination request 90/013,914; the USPTO issued an *Ex Parte* Reexamination Certificate (U.S. 7,839,775 C1) on June 28, 2017. The '775 Patent relates, *inter alia*, to communication using carrier sense multiple access (CSMA) with multipacket reception (MPR).

22. The inventors of the '775 Patent are Electrical and Computer Engineering Professor Toby Berger, PhD, and Douglas S. Chan, PhD.

23. Cornell is the owner and assignee of the entire right, title, and interest in the '775 Patent by assignment from the inventors recorded with the U.S. Patent and Trademark Office, and has the sole right to sue and recover damages for any current, past, or future infringement.

24. The '775 Patent is valid and enforceable.

**United States Patent No. 7,965,733**

25. On June 21, 2011, the U.S. Patent and Trademark Office duly and legally issued the ’733 Patent, entitled “Systems and Methods to Detect and Avoid Collisions in Channel Sense Multiple Access Communications with Multipacket Reception.” The ’733 Patent issued from U.S. Application No. 11/375,853, filed March 14, 2006, which claims priority to U.S. Provisional Application No. 60/594,143, filed March 15, 2005. The ’733 Patent relates, *inter alia*, to methods and systems to perform collision detection (CD) in a communication network and over multipacket reception (MPR)-capable physical layers.

26. The inventors of the ’733 Patent are Electrical and Computer Engineering Professor Toby Berger, PhD, and Douglas S. Chan, PhD.

27. Cornell is the owner and assignee of the entire right, title, and interest in the ’733 Patent by assignment from the inventors recorded with the U.S. Patent and Trademark Office, and has the sole right to sue and recover damages for any current, past, or future infringement.

28. The ’733 Patent is valid and enforceable.

**COUNT I: INFRINGEMENT OF THE ’775 PATENT**

29. Cornell incorporates by reference and re-alleges the foregoing paragraphs as if fully set forth herein. Cornell further alleges the below upon information and belief.

30. T-Mobile has directly infringed and continues to directly infringe the ’775 Patent, either literally or under the doctrine of equivalents, including at least claims 26 and 56, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling, and/or importing into the United States, the Accused Instrumentalities.

31. By way of example only, each accused Wi-Fi 5 or later access point (including the T-Mobile 5G Home Internet gateways, Mesh Wi-Fi Extenders, T-Mobile Fiber routers, mobile

hotspots and T-Mobile for Business routers) is a terminal system that infringes claim 56.

32. Likewise, each accused Wi-Fi 6 or later client device, including the accused smartphones and tablets, operating as a client on a Wi-Fi 6 or later network, is a terminal system that infringes claim 26.

33. Exhibits 3 and 4, which are hereby incorporated by reference, show how exemplary Accused Instrumentalities infringe exemplary claims of the ’775 Patent.

34. T-Mobile has actual notice of its infringement of the ’775 Patent by at least the filing of this Complaint, and T-Mobile was or is now aware of the ’775 Patent or has willfully blinded itself as to the existence of the ’775 Patent and T-Mobile’s infringement thereof.

35. T-Mobile has also indirectly infringed the ’775 Patent under 35 U.S.C. § 271(b) and (c), as set out below. T-Mobile has known of the ’775 Patent, and of how the Accused Instrumentalities infringe it, at least since it was served with this Complaint and Exhibits 3 and 4.

36. Since gaining that knowledge, T-Mobile has actively induced infringement of the ’775 Patent under 35 U.S.C. § 271(b), with specific intent to cause infringement or with willful blindness to it.

37. T-Mobile’s customers and end users directly infringe the asserted claims when they put the Accused Instrumentalities into service and use them, for example by operating Wi-Fi 5 or later gateways, routers, extenders, hotspots and access points supplied by T-Mobile or used with T-Mobile internet service; or by using accused Wi-Fi 6 or later client devices, including smartphones and tablets, on Wi-Fi 6 or later networks, including networks served by T-Mobile internet service.

38. T-Mobile supplies the accused gateways, routers, extenders, and hotspots as part of T-Mobile service and instructs customers to set them up and use them, and instructs customers

who use their own gateways and routers with T-Mobile internet service how to set them up and use them; sells the accused client devices, including smartphones and tablets; instructs its wireless and internet subscribers, including subscribers who bring their own devices, to connect the accused devices to Wi-Fi networks; publishes user guides, support articles, videos, and advertising that promote the accused multi-user features; and provides installation, technical support, and network management for the Accused Instrumentalities. *See, e.g.*, Set up your T-Mobile Gateway & Network, https://www.t-mobile.com/support/home-internet/t-mobile-gateway; Connect your Devices to T-Mobile Internet, https://www.t-mobile.com/support/home-internet/connect.

39. T-Mobile has also contributed to infringement of the ’775 Patent under 35 U.S.C. § 271(c). T-Mobile offers to sell, sells and imports the accused gateways, routers, extenders, hotspots, access points, smartphones, tablets, and/or other client devices, and the firmware and software updates it provides for its gateways, routers, extenders, access points and/or hotspots, and with them components of the claimed terminal systems, including the devices’ Wi-Fi chipsets, firmware and software.

40. T-Mobile knows these components are especially made or especially adapted for use in infringing the ’775 Patent. The accused multi-user transmission features they implement are a material part of the claimed inventions, and the components are not staple articles or commodities of commerce suitable for substantial non-infringing use.

41. T-Mobile’s infringement after learning of the ’775 Patent and of how its products infringe has been, and continues to be, knowing, deliberate, and willful.

42. T-Mobile’s infringement has damaged Cornell. Cornell is entitled under 35 U.S.C. § 284 to damages adequate to compensate it for the infringement, in no event less than a reasonable royalty, together with interest and costs.

43. T-Mobile holds no license or other authorization to practice the ’775 Patent.

44. Cornell does not make, sell, offer for sale or import any product that practices the ’775 Patent, and Cornell granted no license under the ’775 Patent until 2022. Through the effective date of that license, therefore, no marking obligation under 35 U.S.C. § 287(a) could have applied to Cornell or to any licensee. To the extent 35 U.S.C. § 287(a) applies, Cornell is entitled to damages for T-Mobile’s infringement during the period permitted by 35 U.S.C. § 286 that preceded that license, and for T-Mobile’s infringement after T-Mobile received actual notice of the ’775 Patent and of its infringement, including at least as of the service of this Complaint and Exhibits 3 and 4.

45. T-Mobile’s acts of direct and indirect infringement have caused and continue to cause damage to Cornell. Cornell is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained because of T-Mobile’s wrongful acts in an amount to be proven at trial.

## COUNT II: INFRINGEMENT OF THE ’733 PATENT

46. Cornell incorporates by reference and re-alleges the foregoing paragraphs as if fully set forth herein. Cornell further alleges the below upon information and belief.

47. T-Mobile has directly infringed, and continues to directly infringe, the ’733 Patent, under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell and selling within the United States, and importing into the United States, the Wi-Fi 6 and later Accused Instrumentalities without authority. The infringed claims include at least claims 1, 16 and 29, as shown in Exhibit 5.

48. T-Mobile itself performs the methods of the asserted method claims, including for example when it tests and certifies the accused client devices and operates them on T-Mobile networks. T-Mobile’s direct infringement also includes conduct of others that T-Mobile directs or

controls.

49. By way of example only, each accused Wi-Fi 6 or later client device, including the accused smartphones and tablets, performs the method of claim 1 when it exchanges data with a Wi-Fi 6 or later access point, including the accused T-Mobile gateways, routers, extenders and hotspots, and is a receiver system that infringes claim 29 when it receives multi-user downlink transmissions from such an access point. Each accused Wi-Fi 6 or later access point is a transmitter system that infringes claim 16.

50. Exhibit 5, which is incorporated by reference, shows how exemplary Accused Instrumentalities infringe exemplary claims of the ’733 Patent.

51. T-Mobile has actual notice of its infringement of the ’733 Patent by at least the filing of this Complaint, and T-Mobile was or is now aware of the ’733 Patent or has willfully blinded itself as to the existence of the ’733 Patent and T-Mobile’s infringement thereof.

52. T-Mobile has also indirectly infringed the ’733 Patent under 35 U.S.C. § 271(b) and (c), as set out below. T-Mobile has known of the ’733 Patent, and of how the Accused Instrumentalities infringe it, at least since it was served with this Complaint and Exhibit 5.

53. Since gaining that knowledge, T-Mobile has actively induced infringement of the ’733 Patent under 35 U.S.C. § 271(b), with specific intent to cause infringement or with willful blindness to it.

54. T-Mobile’s customers and end users directly infringe the asserted claims when they use accused Wi-Fi 6 or later client devices, including smartphones and tablets, provided by T-Mobile or used with T-Mobile or Metro by T-Mobile wireless service, on Wi-Fi 6 or later networks; and when they operate Wi-Fi 6 or later gateways, routers, extenders, hotspots and access points supplied by T-Mobile or used with T-Mobile internet service.

55. T-Mobile induces that infringement through the conduct described in paragraph 38, including by selling accused Wi-Fi 6 and later client devices, including smartphones and tablets; by supplying Wi-Fi 6 and later access points, gateways, routers, extenders, and hotspots; by instructing customers who use their own Wi-Fi 6 and later gateways and routers with T-Mobile internet service how to set them up and use them; and by instructing and encouraging its wireless and internet subscribers, including those who bring their own devices, to use the accused devices on Wi-Fi 6 and later networks.

56. T-Mobile has also contributed to infringement of the ’733 Patent under 35 U.S.C. § 271(c). T-Mobile offers to sell, sells and imports the accused gateways, routers, extenders, hotspots, access points, smartphones, tablets, and/or other client devices, and the firmware and software updates it provides for its gateways, routers, extenders, access points and/or hotspots, which are material or apparatus for use in practicing the claimed method, and with them components of the claimed transmitter and receiver systems, including the devices’ Wi-Fi chipsets, firmware and software.

57. T-Mobile knows these components and apparatus are especially made or especially adapted for use in infringing the ’733 Patent. The accused multi-user transmission and reception features they implement are a material part of the claimed inventions, and the components and apparatus are not staple articles or commodities of commerce suitable for substantial non-infringing use.

58. T-Mobile’s infringement after learning of the ’733 Patent and of how its products infringe has been knowing, deliberate, and willful.

59. T-Mobile’s infringement has damaged Cornell. Cornell is entitled under 35 U.S.C. § 284 to damages adequate to compensate it for the infringement, in no event less than a reasonable

royalty, together with interest and costs. Cornell seeks damages for all infringement occurring within the period permitted by 35 U.S.C. § 286 and continuing through the expiration of the ’733 Patent.

60. T-Mobile holds no license or other authorization to practice the ’733 Patent.

61. Cornell does not make, sell, offer for sale or import any product that practices the ’733 Patent, and Cornell granted no license under the ’733 Patent until 2022. Through the effective date of that license, therefore, no marking obligation under 35 U.S.C. § 287(a) could have applied to Cornell or to any licensee. To the extent 35 U.S.C. § 287(a) applies, Cornell is entitled to damages for T-Mobile’s infringement during the period permitted by 35 U.S.C. § 286 that preceded that license, and for T-Mobile’s infringement after T-Mobile received actual notice of the ’733 Patent and of its infringement, including at least as of the service of this Complaint and Exhibit 5.

62. T-Mobile’s direct and indirect infringement has caused and continues to cause damage to Cornell. Under 35 U.S.C. §§ 271, 281, and 284, Cornell is entitled to recover the damages it has sustained from T-Mobile’s wrongful acts, in an amount to be proven at trial.

## PRAYER FOR RELIEF

Wherefore, Cornell prays for the following relief:

A. A judgment in favor of Cornell that T-Mobile has infringed one or more claims of the Asserted Patents;

B. An award of damages to which Cornell is entitled under 35 U.S.C. § 284 for T-Mobile’s past infringement;

C. A judgment that T-Mobile’s infringement is willful and an award of enhanced damages under 35 U.S.C. § 284;

D. An award of pre-judgment interest and post-judgment interest on the damages awarded, including pre-judgment interest (pursuant to 35 U.S.C. § 284) from the date of each act of infringement of the Asserted Patents by T-Mobile to the day a damages judgment is entered, and an award of post-judgment interest (pursuant to 28 U.S.C. § 1961) continuing until such judgment is paid, at the maximum rate allowed by law;

E. A judgment and order finding that this is an exceptional case and requiring T-Mobile to pay the costs of this action, including awarding Cornell its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

F. An order requiring an accounting for damages not presented at trial; and

G. Any and all other relief that the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Cornell demands a trial by jury on all claims and issues so triable.

November 13, 2026

Respectfully submitted,

*_/s/ Robert F. Kramer (by permission Andrea L. Fair)_*
Robert F. Kramer (Admitted E.D. Texas)
rkramer@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (212) 755-6475

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
Rachael Chan (Admitted E.D. Texas)
rchan@kramerllp.com
**KRAMER LLP**
500 W 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (737) 415-9284

Robert C. Mattson (Admitted E.D. Texas)
rmattson@kramerllp.com
Courtney Kasuboski (Admitted E.D. Texas)
ckasuboski@kramerllp.com
**KRAMER LLP**
2121 Eisenhower Avenue, Suite 304
Alexandria, VA 22314
Telephone: (202) 589-8187

Safraz Ishmael (Admitted E.D. Texas)
sishmael@kramerllp.com
**KRAMER LLP**
560 Harrison Avenue, Suite 214
Boston, MA 02118
Telephone: (617) 693-0493

Zachariah A. Higgins (Admitted E.D. Texas)
zhiggins@kramerllp.com
Robert McArthur (Admitted E.D. Texas)
rmcarthur@kramerllp.com
Curt Holbreich (Admitted E.D. Texas)
cholbreich@kramerllp.com
Robert Y. Xie (Admitted E.D. Texas)
rxie@kramerllp.com
**KRAMER LLP**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Telephone: (650) 681-8544

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff*
*Cornell Research Foundation, Inc.*